## DOMENIC PERROTTI v. NEW HAVEN MARKET EXCHANGE, INC.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 71270

Memorandum filed August 16, 1948.

*Joseph Koletsky,* of New Haven, for the Plaintiff.

*Philip R. Pastore,* of New Haven, for the Defendant.

MOLLOY, J. By agreement of counsel the issues in this case were limited to the one issue of whether or not the wall in question was erected maliciously and with intent to annoy and injure the plaintiff in the use of his adjoining land. The plaintiff, therefore, seeks an injunction under § 5907 of the General Statutes. In other words, the plaintiff seeks by court order to do away with what he calls a spite wall or a part thereof adjacent to his property.

The briefs of the contending parties are most detailed in recitals of the evidence and the facts, so that there need be no extended reference to the facts disclosed on the trial. The briefs take care of that very well. Much has been made concerning the various witnesses and the credibility which should be attached to their evidence. A few of them, concerning the credibility or whose testimony counsel waxed strongly, were not disinterested at all, and I mean just that. They may have thought that they were "kidding" the court, but they were not; not for one moment.

The wall in question looks like a prison wall. That is about the way to describe it. The plaintiff claims it has been erected for spite and maliciously. The defendant company says that it is

intended as the back wall of a series of sheds wherein fruit and vegetable trucks may dispose of their produce in the daily market which the defendant conducts. Part of the wall which is the back wall of the present sheds is sixteen feet high. The rest of the wall is between eight and nine feet high. To accommodate the trucks in the sheds the wall must be sixteen feet high. There are also pilasters at regular intervals which are necessary to strengthen a wall of any considerable height and length such as the wall in question. In addition, the foundation of the wall is supposed to be approximately four feet in the ground for such a wall and a certain dimension in width, as called for by the building code. During the trial excavations wer made at intervals along a part of the wall on both sides thereof to determine the depth of the foundation. Of course the contractor had cheated. I was not surprised. He was caught.. In this case the contractor did not comply with the construction requirements. That part of the wall being underground, he undoubtedly thought he could get away with it. I do not attach any blame to the defendant. It contracted to have the work done in accordance with certain specifications or plans and assumed it would be done. It is now being done.

This feature of the case is, however, not determinative of of the issue presented for my decision. While there is much merit to the plaintiff's contention concerning a spite wall, nonetheless the court must be exceedingly careful, in the light of the claims by the defendant as to what it proposes to do in the further developement of the market, before acceding to the demands of the plaintiff in this action at this time.

The plaintiff seeks injunctive relief. This presupposes, usually, emergency. There was anything but that in this case. The wall was put up in March, 1948, and if the plaintiff was alert, then was the time, during construction, to have stopped the defendant. All the issues of this case were not tried in the three days' trial. This was by agreement. It may be that the further extension of sheds along the defendant's side of the wall now was an afterthought due to the situation in which the defendant found itself. There is much to support such a claim. If this wall is really and ultimately intended as the back wall of the sheds to be built, then it is not a spite wall. In the light of the law cited this is clear. The court is inclined to give the defendant the benefit of the doubt on its claim that it intends in good faith to build the additional sheds. To

order the removal of the wall at this time might do a grave injustice to the defendant, particularly as there are other issues to be tried at the regular term of court. The status quo should be allowed to remain as is. One more thought, the court is of the opinion that if the plaintiff had not been so difficult to deal with this whole situation could have been avoided.

The motion for injunction is denied.